**UNITED STATES of America, Appellee,**

v.

**Eric BRITTMAN, Appellant.**

**UNITED STATES of America, Appellant,**

v.

**Eric BRITTMAN, Appellee.**

**Nos. 88–1895, 88–1973.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 25, 1989.

Decided April 19, 1989.

Rehearing and Rehearing En Banc Denied in No. 88–1973 June 9, 1989.

Robert E. Adcock, Little Rock, Ark., for appellant.

Robert L. Neighbors, Little Rock, Ark., and Karen Skrivseth, Washington, D.C., for appellee.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Eric Brittman was convicted by a jury of robbing the East Branch of the First Commercial Bank, N.A., of Little Rock, Arkansas. The jury found that in the course of the robbery Brittman placed in jeopardy the life of another person by the use of a handgun, thereby finding Brittman guilty of a violation of 18 U.S.C. § 2113(d).

The crime was committed on November 16, 1987, 15 days after the effective date of

new Sentencing Guidelines issued by the United States Sentencing Commission under the authority of the Sentencing Reform Act of 1984, enacted by Congress as Chapter II of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Tit. II, 98 Stat. 1837, 1987 *et seq.*, 28 U.S.C. (Supp. IV) §§ 991 *et seq.*

The District Court found the Sentencing Guidelines unconstitutional. *United States v. Brittman,* 687 F.Supp. 1329 (E.D.Ark. 1988). In a detailed and scholarly opinion, the Court found that the Guidelines were an unconstitutional delegation of legislative power, a violation of separation-of-powers principles, and a deprivation of liberty without due process of law.

In No. 88–1895, the main appeal, the defendant argues that the conviction should be reversed. We have already rejected his arguments and entered an order affirming the conviction. *United States v. Brittman,* No. 88–1895, 871 F.2d 1093 (8th Cir. Nov. 25, 1988) (per curiam) (unpublished opinion).

In No. 88–1973, the government contests the sentence. The District Court, having held the Sentencing Guidelines unconstitutional, as noted above, sentenced Brittman to ten years' imprisonment plus a $50 assessment under 18 U.S.C. § 3013. Insofar as the District Court's rejection of the Guidelines was based on delegation or separation-of-powers principles, it has now been superseded by the Supreme Court's opinion in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

■ The Supreme Court did not directly confront the due-process attack on the Guidelines,[1] but we disagree with the District Court's conclusion that the Guidelines violate the Due Process Clause because they eliminate judges' sentencing discretion. We hold that the Guidelines are not vulnerable to this sort of due-process challenge. Under the Guidelines, sentencing judges retain discretion to accept or reject a plea bargain, to resolve factual disputes about the appropriate base offense level, to consider adjusting that base level for mitigating and aggravating circumstances, to choose from a range of sentences, to set probation conditions, and to determine when to depart from the Guidelines. Thus, some discretion, some power to fit sentences to the individual offender, is left. But in any event the Constitution does not guarantee individualized sentencing, except in capital cases. See, *e.g., Lockett v. Ohio,* 438 U.S. 586, 603–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978) (plurality); *United States v. Vizcaino,* 870 F.2d 52, 54–56 (2d Cir.1989), (rejecting facial due-process attack on Guidelines); *United States v. Frank,* 864 F.2d 992, 1009–10 (3d Cir.1988) (same). Even mandatory terms of imprisonment have been upheld. See, *e.g., United States v. Goodface,* 835 F.2d 1233, 1236 (8th Cir.1987). Federal judges have long been used to individualized sentencing, and many judges prefer it, but whether, and to what extent, to continue or modify this system is a matter of legislative prerogative. Moreover, Congress could reasonably think that enactment of the Guidelines will help eliminate a different sort of potential due-process problem—that of arbitrary or disparate sentencing.

■ We therefore hold that the Sentencing Guidelines are not facially unconstitutional for any of the reasons given in the District Court's opinion. This holding does not foreclose due-process challenges to the Guidelines as applied in individual cases—for example, that they are being applied without giving defendants an appropriate opportunity to contest the facts bearing upon the various predicate factors that the Guidelines make relevant to sentencing. No such questions are before us in the present case, and we express no view on them.

Accordingly, on the Government's cross-appeal the sentence imposed by the District Court is vacated, and the cause will be

---

**1.** One remark in the Court's opinion, however, indicates an unfavorable reaction to such a challenge: "[T]he scope of judicial discretion with respect to a sentence is subject to congressional control. *Ex parte United States,* 242 U.S. 27 [37 S.Ct. 72, 61 L.Ed. 129] (1916)." *Mistretta,* 109 S.Ct. at 650 (dictum).

remanded to that Court for resentencing in accordance with the Guidelines.

All of the judges of the District Court for the Eastern District of Arkansas, sensitive to the controversial legal issues raised by the Guidelines, have adopted a "two-track" approach to sentencing those found guilty of crimes committed since the Guidelines' effective date. Defendants have been formally sentenced under whichever regime (either the Guidelines or the pre-Guidelines system) each individual judge believed to be lawful. But the sentencing judge has in each case also announced what sentence he or she would have imposed under the other system. In Brittman's case, for example, the District Court, in addition to the formal sentence of ten years imposed under the pre-Guidelines system, also filed a Statement of Reasons for Imposing Sentence, as required by the Sentencing Reform Act. In this Statement the Court explained that if the Guidelines were applicable it would have imposed a sentence of 21 years and ten months, plus a period of supervised release.

We believe the District Court acted prudently in using this two-track procedure. As the Court observed, "if the Guidelines and the Commission are held constitutional, only a new commitment order will have to be executed." Designated Clerk's Record 8. It will not be necessary to have a second sentencing hearing. Nor, of course, will the two-track procedure be appropriate in the future.

The judgment of conviction is affirmed. The sentence is vacated, and the cause remanded to the District Court for resentencing in accordance with this opinion.

It is so ordered.