UNITED STATES of America, Appellant,

v.

Kenneth Wayne SHIBLEY, Appellee.

No. 89–1641.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 3, 1989.

Decided Nov. 22, 1989.

Dempster K. Holland, St. Louis, Mo., for appellant.

Before ARNOLD, FAGG, and BEAM, Circuit Judges.

PER CURIAM.

On March 15, 1989, Kenneth Wayne Shibley pleaded guilty to knowingly and intentionally conspiring to counterfeit an obligation of the United States in violation of 18 U.S.C. § 371, and knowingly possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The District Court employed a "two-track" procedure [1] to sentence Shibley, and imposed a sentence under the old law of five years imprisonment and a special assessment of $100. The District Court also announced an alternative Sentencing Guidelines sentence of four years (noting the range as between forty-one and fifty-one months) and two years of supervised release.

The government filed a timely notice of appeal. The government requests this Court to vacate the non-Guidelines sentence and to remand for resentencing consistent with the provisions of the Sentencing Reform Act of 1984.

Shibley asserts that the judgment should be affirmed, because the District Court "imposed a sentence within the Sentencing Guidelines" and the District Court "is allowed discretion even under the Guidelines." Shibley argues in the alternative, that in the event this Court vacates and remands, due process dictates that he be given a hearing to allow him to present evidence specifically tailored toward the Sentencing Guidelines.

We noted in *United States v. Brittman*, 872 F.2d 827, 829 (8th Cir.1989), that the District Court acted prudently in using the two-track procedure, as it rendered a second sentencing hearing unnecessary. We note that in this case the District Court reviewed the information in the presentence report, and then invited Shibley or his attorney to make any statement they wished by way of mitigation or which they felt would help the Court reach a just sentence. Shibley's attorney acknowledged the thoroughness of the presentence report. He then took the opportunity to discuss Shibley's testing at a borderline mentally retarded range; Shibley's mother's observations on the genesis of his problems; and Shibley's history of hospitalizations.

Accordingly, the sentence is vacated, and the cause remanded to the District Court for execution of a new commitment order. We see no reason for an evidentiary hearing on remand. The Court already had before it, at the time of the first sentencing hearing, all of the information the defense cared to offer. Everyone was aware of the District Court's two-track procedure. On remand, the District Court should simply sign the new commitment order, formally embodying the Guidelines sentence it had previously announced as an alternative.

It is so ordered.

---

1. The judges of the District Court for the Eastern District of Arkansas adopted an approach to sentencing those found guilty of crimes committed after the effective date of the Sentencing Guidelines whereby the sentencing judge announced what sentence he or she would impose under the Guidelines and under the pre-Guidelines system. See *United States v. Brittman*, 872 F.2d 827, 829 (8th Cir.1989).