**UNITED STATES of America, Appellee,**

v.

**Joe Alfred THOMAS, Jr., Appellant.**

**No. 89–2333.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided Jan. 25, 1990.

Rehearing Denied April 3, 1990.

Mark C. Meyer, Cedar Rapids, Iowa, for appellant.

Richard L. Murphy, Cedar Rapids, Iowa, for appellee.

Before BOWMAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Joe Alfred Thomas, Jr., appeals the sentence imposed by the District Court[1] after he pleaded guilty to one count of distribution and aiding and abetting in the distribu-

---

**1.** The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

tion of 28.3 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (1982) and 18 U.S.C. § 2 (1988), and one count of conspiracy to distribute and possession with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Thomas was sentenced under the Sentencing Guidelines as a career offender to 262 months for the conspiracy count, and 210 months for the distribution count, to be served concurrently, and was ordered to pay $2,525 restitution, and a $100 special assessment.

Thomas asserts that the District Court violated Fed.R.Crim.P. 11(c)(1) by falsely advising him that his state drug conviction would not be used for enhancement purposes, and therefore that his guilty plea was not voluntary. Thomas also argues that two prior state convictions were used improperly to establish his status as a career offender, and that the court failed to make findings in the pre-sentence report regarding certain disputed facts, specifically, acceptance of responsibility, role in the offense, and drug quantity, as required by the Guidelines and Fed.R.Crim.P. 32(c)(3)(D). We affirm.

▮▮ The District Court complied with the requirements of Rule 11(c)(1) by advising Thomas of the maximum statutory penalty for his offenses. The District Court is not required to inform the defendant of the applicable guideline range or the actual sentence he will receive. *United States v. Fernandez,* 877 F.2d 1138, 1143 (2d Cir. 1989). The court told Thomas that his prior state drug conviction would not statutorily enhance his sentence, but would have an impact on his sentence because it would count in scoring his criminal history.

▮ Thomas was properly classified as a career offender pursuant to the Guidelines because the instant offenses of conviction involved controlled substances and Thomas had two prior adult felony convictions. *See* United States Sentencing Commission, *Guidelines Manual,* § 4B1.1 (Nov.1989). The first was a 1986 felony conviction for delivery of a controlled substance. This conviction was prior to the date of the distribution offense, which occurred in De-

cember 1987, for which Thomas was convicted in the instant case. Further, the District Court properly concluded that because the conspiracy for which Thomas was convicted ran from 1983 to 1988, the 1986 felony conviction occurred prior to the instant continuing conspiracy offense. *Cf. United States v. Stewart,* 878 F.2d 256, 258 (8th Cir.1989) (Sentencing Guidelines apply to conspiracy begun before but ending after effective date of Guidelines because conspiracy is a continuing offense that continues until date of its termination). The second felony conviction was a February 1987 conviction for assault with intent to inflict serious bodily injury for which Thomas received a sentence of two years. Although this offense is classified as an aggravated misdemeanor under state law, the District Court properly found that the conviction was a prior felony pursuant to the Guidelines which define prior felony conviction as a prior conviction "for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, comment. (n.3).

▮ Finally, the District Court complied with Rule 32(c)(3)(D) and the Sentencing Guidelines when it made its factual findings concerning the pre-sentence report. According to the Guidelines, the court is required to resolve only those disputed factors which are important to the sentencing determination. U.S.S.G. § 6A1.3(a). Several circuits have held that a career offender may not receive a reduction for acceptance of responsibility. *See United States v. Cruz,* 882 F.2d 922, 924–26 (5th Cir.1989); *United States v. Reyes,* 881 F.2d 155, 157 (5th Cir.1989); *United States v. Huff,* 873 F.2d 709, 713 (3d Cir.1989); *United States v. Alves,* 873 F.2d 495, 497 (1st Cir.1989). We agree with the holdings in these cases and, accordingly, agree with the District Court that the resolution of this factual issue was irrelevant to Thomas's sentence. Further, the District Court correctly concluded that because Thomas was a career offender, the applicable guide-

line range so far exceeded the statutory maximum term of imprisonment for Thomas's convictions that a favorable resolution of the remaining factual disputes would have had no impact on Thomas's sentence.

The sentence imposed by the District Court is affirmed.