UNITED STATES of America, Appellee,

v.

Roy C. GREEN, Appellant.

No. 89–1751.

United States Court of Appeals,
Eighth Circuit.

Submitted October 9, 1989.

Decided April 30, 1990.

Rehearing and Rehearing En Banc
Denied June 13, 1990.

Thomas P. Knoten, St. Louis, Mo., for appellant.

Steven E. Holtshouser, St. Louis, Mo., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Roy C. Green appeals his sentence imposed under the Guidelines after his plea of guilty to possession with intent to distribute cocaine. He argues statutory, constitutional, and procedural errors. We affirm.

I. BACKGROUND

In January 1989 St. Louis police officers executed a search warrant at a residence in the city. On the second story they discovered Green in a bedroom; after being told that they were there under a warrant, Green told the officers there was cocaine in the house in a downstairs closet. Green was later charged in a one-count information with possession of cocaine with intent

to distribute. He pleaded guilty to the charge.

Green's presentence report applied U.S.S.G. § 4B1.1, Career Offender, relying on prior felony convictions of Green's for attempted murder and possession of cocaine. The actual offense level was set at 34—a range of 262 to 327 months. The presentence report did not make a two-point reduction for acceptance of responsibility under § 4B1.1. On April 28, 1989, the sentencing court[1] imposed the low end of the range, 262 months, as the term of imprisonment.

## II. DISCUSSION

Green's points for reversal all dispute the application of § 4B1.1 of the Guidelines. First he argues that the section exceeds statutory authority, second that it denies due process, and third that in this case reversible error was committed by not allowing for a two-point reduction under the section for his acceptance of responsibility.

### A. Statutory Authority

■ In 28 U.S.C. § 994(h) Congress directed that the Sentencing Commission:

... shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act ...; and

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act....

28 U.S.C. § 994(h) (Supp. V 1987) (footnote omitted).

In Green's case the two prior felonies used to satisfy the career offender provision of the Guidelines were a conviction for attempted murder (a crime of violence) and a drug conviction (one described in the Controlled Substances Act). Green argues, however, that the statute requires either two violent felonies *or* two drug felonies for career offender status to apply and does not allow only one of each to be used.

The actual language of U.S.S.G. § 4B1.1 on this point provides for career offender status where, inter alia, "(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The difference between the Guidelines and the statute at subsection (2) is a semicolon which is found in the statute but not in the Guidelines. As a grammatical point, we note that the Guidelines' language allows for use of a violent felony and a drug felony by its "either/or" construction, while the statute arguably does not because of the use of the semicolon between subheadings (A) and (B) in subsection (2). Thus, if one gives the statute the reading that Green suggests, the Guidelines would exceed statutory authority.

We do not, however, read the statute that way. Giving the words their ordinary and plain meaning, we think the statute reasonably construed would allow the two prior felony convictions to be two of violence, two of drugs, or one of each. *See* U.S.S.G. § 4B1.2(3)(A). In fact, it is the word "each" that we focus on. The singular used throughout subsection (2) of the statute belies Green's suggested reading. Had Congress intended Green's view to obtain, the obvious choice of words would have been plural and not singular. Thus the statute at subsection (2) would have read:

(2) has previously been convicted of two or more prior felonies, *both or all* of which *are*—

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

(A) *crimes* of violence; or

(B) *offenses* described in section 401 of the Controlled Substances Act....

But by the use of "each," it is plain to us that the Congress has allowed for one felony from *each* category—(A) violent crime and (B) drug offense—to fulfill the two prior felonies required for career offender status.[2]

### B. Due Process

■ Green argues that application of the career offender provision violates due process by depriving him the benefit of sentencing discretion. As a factual matter we note that Green received the beneficence of Judge Nangle's discretion when he sentenced Green to the lowest term (262 months) in his actual offense level range of 262 to 327.

As a legal matter this case is controlled by *United States v. Brittman*, 872 F.2d 827 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 184, 107 L.Ed.2d 140 (1989). Though *Brittman* did not directly pass on § 4B1.1, the strength of its reasoning applies just as forcefully in this case. In *Brittman* we concluded that the Guidelines were not subject to a due process argument on the grounds that they removed too much discretion from sentencing courts. We noted that sentencing courts retain a fair measure of discretion despite the strictures the Guidelines impose and that "in any event the Constitution does not guarantee individualized sentencing, except in capital cases." *Id.* at 828. The Seventh Circuit has expressly passed on § 4B1.1 and reached the same conclusion we have. *United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989). Due process was not denied Green by the use of the career offender section of the Guidelines.

### C. Acceptance of Responsibility

■ Green argues that it was reversible error not to grant him a two-point reduction for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 from his actual offense level of 34 arrived at under § 4B1.1, Career Offender. Though Green received a two-point reduction for acceptance of responsibility in calculation of his base offense level which was 22, because his career offender calculation was higher (34), it became his actual offense level for purposes of sentencing. U.S.S.G. § 4B1.1. Had he also received a two-point reduction under § 4B1.1, his offense level would have been 32, potentially entitling him to as few as 210 months imprisonment under his criminal history category of VI. In turn, the maximum term at level 32 is 262 months, which is the sentence Green in fact was given under level 34.

Prior to November 1, 1989, the Guidelines were silent with respect to the application of the two-point reduction from § 3E1.1 to § 4B1.1.[3] In the absence of direction from the Guidelines, several courts of appeals, including our own, concluded that § 3E1.1 did not apply when determining an offense level under § 4B1.1. *United States v. Thomas*, 894 F.2d 996, 997 (8th Cir.1989) (per curiam) (citing cases), *reh'g denied*, (April 4, 1990).

*Thomas* controls with respect to sentences given prior to November 1, 1989, the effective date of the amendment discussed in footnote 3. Green was sentenced on April 28, 1989, long before the effective date of the amendment and several weeks before notice of the amendment. While the district court did not have the authority of *Thomas* at the time it passed sentence on

**2.** The Tenth Circuit has said virtually the same thing in two recent cases. *United States v. Newsome*, 898 F.2d 119, 121–22 (10th Cir.1990); *United States v. Jones*, 898 F.2d 1461, 1464–65 (10th Cir.1990).

**3.** On May 17, 1989, notice was published in the Federal Register of a proposed amendment to § 4B1.1 which expressly provided for the application of the two-point reduction for acceptance of responsibility pursuant to § 3E1.1 under § 4B1.1. The amendment became effective on

November 1, 1989. By use of an astericized comment it expressly provides " *If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by 2 levels." United States Sentencing Commission, *Guidelines Manual,* § 4B1.1. The purpose of the amendment was "to authorize the application of § 3E1.1 (Acceptance of Responsibility) to the determination of the offense level under this section [4B1.1]." 54 Fed.Reg. 21,379.

Green, it nevertheless rightly concluded that absent contrary language in the Guidelines, § 3E1.1 did not apply under § 4B1.1. The fact that the Sentencing Commission has since changed the law on this point does nothing to change the state of the law with respect to those sentences such as Green's handed down prior to November 1, 1989.[4] Therefore, the district court did not err in declining to award Green a two-point reduction for acceptance of responsibility under the Career Offender provision.

## III. CONCLUSION

Having found that § 4B1.1 does not exceed the statutory authorization of 28 U.S.C. § 994(h), does not violate due process under the Constitution's Fifth Amendment, and was not applied in error in this case, we affirm Green's sentence.

**4.** Although it came up at oral argument, we express no view of the viability of the amended version of § 4B1.1 in light of the extant case law and possible potential problems vis-a-vis statutory authorization. Any discussion on that point is unnecessary to the determination of this case which arose prior to the effective date of the amended version of § 4B1.1. We acknowledge that it is seemingly arbitrary to deny Green a deduction that other career offenders may now receive. Nevertheless, a panel of this court is not empowered to disregard Eighth Circuit precedent (*United States v. Thomas*). Only the court *en banc* may overrule existing case law.