UNITED STATES of America,
Plaintiff–Appellee,

v.

Louis H. MARTIN,
Defendant–Appellant.

No. 89–5181.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 18, 1989.

Decided Sept. 18, 1990.

Timothy R. DiScenza, Van S. Vincent (argued), Asst. U.S. Attys., Memphis, Tenn., for plaintiff-appellee.

Jack D. Kopald (argued), McDonnell, Boyd, Smith & Solmson, Memphis, Tenn., for defendant-appellant.

Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, and SIMPSON, District Judge.*

KRUPANSKY, Circuit Judge.

Defendant-appellant Louis H. Martin has appealed from a second sentence entered *nunc pro tunc* by the United States District Court for the Western District of Tennessee after its jurisdiction had lapsed by operation of law effectively nullifying a previous sentence entered 134 days earlier by the same court.

On May 10, 1988, Louis H. Martin entered a plea of guilty to one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. The indictment charged Martin with offenses occurring after November 1, 1987, the effective date of the sentencing guidelines promulgated under the Sentencing Reform Act of 1984 (the Act), 28 U.S.C. §§ 991–98.

On June 7, 1988, in another case, after Martin pleaded guilty but before his sentencing, the district court decided that the Sentencing Commission established by the Act violated, *inter alia*, the separation-of-powers doctrine, and that the Act, including the sentencing guidelines promulgated by the Commission, was unconstitutional. At the time of its decision in *United States v. Thomas, et al.*, 699 F.Supp. 147 (W.D. Tenn.1988), the district court acknowledged the constitutional review of the Act pending before the Supreme Court. The district court, in the *Thomas* case, elected to initiate and implement a dual sentencing procedure during the period before a final disposition of the issue was announced by the Supreme Court:

> In each case the court will announce two sentences—one imposed under the law prior to November 1, 1987 and one imposed pursuant to the guidelines.... [D]efendants will commence service of the sentence under the law prior to November 1, 1987. The judgment and commitment order will reflect this sentence. If the Act is ultimately found to be constitutional, the guideline sentence will then take effect and a new judgment and commitment order will be entered. All defendants will be advised of this procedure at sentencing and the possibility

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

that their guideline sentence will later become effective.[1]

At Martin's sentencing hearing on September 2, 1988, he was informed of the dual sentencing procedure and the reasons therefor. Martin's counsel objected to any dual sentence. At the conclusion of the hearing, the district court announced its dual sentences.

On September 22, 1988, subsequent to the sentencing hearing, the district court, ignoring the sentencing guidelines it had previously declared unconstitutional in *Thomas*, filed its journal entry of judgment of conviction and commitment, which read in pertinent part as follows:

### JUDGMENT IN A CRIMINAL CASE

Case Number: 87–20218–G

THE DEFENDANT ENTERED A PLEA OF ... guilty ... as to count(s) One (1)....

THERE WAS A finding ... of guilty as to count(s) One (1).

\*  \*  \*  \*  \*  \*

THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF: Conspiracy (possession with the intent to distribute cocaine) in violation of Title 21 U.S.C. § 846 as charged in Count One of the Indictment.

IT IS THE JUDGMENT OF THIS COURT THAT: As to Count One, the defendant is sentenced to three (3) years imprisonment.

The defendant has been granted leave by the Court to report to the institution designated by the Attorney General at his own expense. Upon designation of an institution to the United States Marshal, the Clerk will issue an Order to Surrender stating when and where the defendant is to report. Upon receipt of the Order, the defendant will report to the Office of the Clerk to acknowledge receipt of the Order.

This document entered on docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 9–22–88.

[There was no probation.]

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $50.00 pursuant to Title 18, U.S.C. Section 3013 for count(s) Count One (1) [sic] as follows: $50.00 special assessment on Count One (1).

IT IS FURTHER ORDERED THAT counts Two (2) and Three (3) are DISMISSED on the motion of the United States.

\*  \*  \*  \*  \*  \*

September 2, 1988
Date of Imposition of Sentence
Julia Smith Gibbons [script]
Signature of Judicial Official
JULIA SMITH GIBBONS
Name and Title of Judicial Officer
September 19, 1988 [script]
Date

No appeal was perfected from the September 22, 1988 journalized judgment of conviction and commitment by either the appellant or the government. No appeal having been taken within the allotted time, the judgment of conviction and commitment was executed and the appellant was incarcerated to serve his sentence on November 1, 1988.

On January 18, 1989, the Supreme Court upheld the Act including the sentencing guidelines in *United States v. Mistretta*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). On February 3, 1989, 134 days after the September 22, 1988 final entry of judgment of conviction and commitment and after the jurisdiction of the district court had lapsed on October 24, 1988, it entered, sua sponte, a second judgment of conviction and commitment order pursuant to sentencing guidelines which enhanced the original commitment of September 22, 1988. The second order was entered *nunc pro tunc* to September 22, 1988.

Absent an appeal from the journal entry of September 22, 1988, the district court was divested of all jurisdiction on October 24, 1988 when the time for appeal expired.

**1.** Order on Constitutionality of Sentencing Guidelines, June 7, 1988 at 1177–1178.

Fed.R.App.P. 4(b), 26.[2] Exhaustive research has failed to disclose legal precedent or procedure that permitted the district court to sua sponte re-invoke its jurisdiction 134 days after it filed its September 22, 1988 final order of conviction and commitment and after its original jurisdiction had lapsed, to enter its second journal entry *increasing* the defendant's sentence which he was already serving. *See United States v. Minor,* 846 F.2d 1184, 1187 (9th Cir.1988) ("[A] district court does not have inherent power to resentence defendant at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 ... or from [Fed.R. Crim.P.] 35.") (citation omitted); *United States v. Henry,* 709 F.2d 298, 303, 307–08, 317 (5th Cir.1983) (en banc) (although a plurality opinion, a majority agreed that there was neither statutory nor case authority which permitted a district court to increase a final, lawful sentence).[3] Accordingly, the September 22, 1988 judgment of conviction and commitment was the district court's final sentencing order.

It is true that the trial judge, at the September 2, 1988 sentencing hearing, explained with clarity the dual sentencing procedure that she announced in her earlier *Thomas* decision and it is equally true that the defendant acknowledged his understanding of the procedure although his counsel objected to its implementation in the case at bar; however, the original journalized judgment of September 22, 1988 made no reference to the alternative sentence[4] and must therefore stand alone, independent of the dialogue that occurred between the parties during the sentencing hearing for the reason that courts speak only through their journal entries. *Goldman v. Commissioner,* 388 F.2d 476 (6th Cir.1967) ("a court speaks only through its orders"); *United States v. Eisner,* 329 F.2d 410 (6th Cir.1964) (court ordered no entry of commitment); *Chapman v. United States,* 247 F.2d 879 (6th Cir.1957); *Odekirk v. Ryan,* 85 F.2d 313 (6th Cir.1936); *I.T.S. Rubber Co. v. Tee Pee Rubber Co.,* 295 F. 479 (6th Cir.1924). *See also Flannigan v. Consolidated Rail Corp.,* 888 F.2d 127 (6th Cir.1989) (unpublished per curiam) ("a court speaks officially only through its orders, not its opinions"). Moreover, there exists no current or historical statutory or judicial precedent to support a legal theory of "conditional sentencing" that could or would have, under facts similar to those of the instant case, perpetuated the jurisdiction of the trial court beyond October 24, 1988, the date upon which its first judgment of conviction and commitment became final.

Pursuant to the procedures in force prior to the adoption of the sentencing guidelines, a criminal sentence was a definite period of penal confinement and/or a monetary fine coupled, when appropriate, with a period of special parole or supervised release inflicted upon a defendant as a legal consequence of guilt resulting from a plea of guilty or conviction in a criminal prosecution,[5] as distinguished from a prescribed course of personal behavior mandated by a trial court, imposed upon the future con-

---

**2.** The defendant had ten days and the government, authorized to appeal by statute, had thirty days from the date judgment was entered on the docket to file an appeal in a criminal case. Since October 22, 1988 was a Saturday, the final date for the government to have perfected its appeal was Monday, October 24.

**3.** Prior to the Supreme Court's *Mistretta* decision, the district court, in the instant case, properly reviewed the constitutionality of the Act and the sentencing guidelines. Having declared them unconstitutional, the district court properly exercised its discretion in sentencing appellant within the statutory limits set for violation of 21 U.S.C. § 846. *See* 21 U.S.C. § 841(b). The *subsequent* decision of the Supreme Court declaring the Act and the guidelines to be constitu-

tional did not, absent a tolling appeal, invalidate the district court's original judgment herein.

**4.** What effect incorporation of the dual sentencing language into the September 22, 1988 judgment would have had, if any, under the facts herein is, in any event, purely academic, since it is not before the court on this appeal.

**5.** Former 18 U.S.C. § 4082(a) provides:

A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served.

duct of the defendant as a condition for suspending the imposition or execution of the penal confinement and/or monetary payment of the sentence.[6]

The old statutory language appeared to reflect a congressional intent to condition, not the underlying sentence of the defendant, but rather only his future court-mandated conduct which was the basis for the trial court's exercise of discretion to suspend the execution of penal confinement and/or monetary payment of the sentence. The suspension of the execution of the imposed penal incarceration and/or monetary fine was, in all instances, conditioned upon the performance of acts within the personal control of the defendant and not some independent third party or entity such as the Supreme Court as suggested by the dissent.

The current statutes, like those procedures predating the sentencing guidelines, equally fail to support the concept of continuing trial court jurisdiction. Title 18 U.S.C. § 3582 explicitly provides that a sentence to imprisonment, as in the instant case, cannot be modified, predicated upon a theory of "conditional sentencing," once it has been imposed except within limited circumstances, which are nonexistent in the instant case:

> (b) **Effect of finality of judgment.**—Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> (1) modified pursuant to the provisions of subsection (c);
>
> (2) corrected pursuant to the provisions of rule 35 and section 3742, or
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

> (c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(b) & (c).[7]

*United States v. Brittman,* 872 F.2d 827 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 184, 107 L.Ed.2d 140 (1989); *Gauntlett v. Kelley,* 849 F.2d 213 (6th Cir.1988); and *United States v. Fogel,* 829 F.2d 77 (D.C.Cir.1987), discussed by the government in support of its position, are distinguishable from the instant case in that,

---

**6.** Former 18 U.S.C. § 3651 provides:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the impo-

sition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

**7.** Section 3742, referred to in section 3582, applies only to modifications on appeal, as provided in Rule 35. *See* note 8, *infra.*

without exception, they did not pose the jurisdictional issue of this controversy. The continuing jurisdiction of the trial court in all three cases, unlike the case at bar, was saved by a timely appeal thereby permitting the trial court to implement the mandate of the appellate review upon remand.

Nor can the appellee, in the case at bar, take refuge in the harbor of Fed.R.Crim.P. 35 which provides for correction of sentences because Rule 35 is anchored in a mandate from a court of appeals.[8]

Accordingly, the government having failed to save the trial court's continuing jurisdiction by perfecting a timely appeal, the trial judge was without jurisdiction to vacate her original final order of September 22, 1988 and to *increase* appellant's sentence pursuant to the sentencing guidelines on February 3, 1989.

In conclusion, it should be noted that, as previously stated herein, the initial sentence in this case became final on October 24, 1988, prior to the Supreme Court decision in *Mistretta*, and was, at that time, a legally valid sentence. Neither the government nor the defendant appealed its legal validity which became final upon the expiration of the period for appeal. This court, upon appellate review of the trial court's *second sentence* of February 3, 1989, cannot resurrect the jurisdiction of the trial court, after it had lapsed, to correct its initial judgment absent an appeal from the initial final judgment of conviction and commitment of September 22, 1988.

For the reasons stated herein, this case is remanded to the district court with instruc-

tions to VACATE its void judgment and commitment entered on February 3, 1989, allowing the judgment of September 22, 1988 to stand as entered.

MERRITT, Chief Judge, dissenting.

Because in my view the pre-guidelines sentence entered by District Judge Gibbons was nothing more than a conditional sentence, a sentence perfectly consistent with pre- and post-guidelines sentencing practices, I decline to join in the majority's holding.

While *Mistretta* was pending in the Supreme Court, district judges who maintained serious doubts about the constitutionality of the federal sentencing guidelines faced the difficult challenge of selecting from two sentencing schemes, one which recently had been statutorily overruled, and the other which arguably violated separation of powers. In response to this challenge, some district judges imposed on convicted defendants two-track sentencing schemes in anticipation of the *Mistretta* decision. This manner of conditional sentencing really is nothing new to pre- or post-guidelines sentencing, under which district judges customarily impose various conditions, for example, good behavior or restitution, on a defendant's particular level of confinement. *See, e.g.,* United States Sentencing Commission, *Guidelines Manual* §§ 5B–F (1989) (setting forth conditions that sentencing judge may place on sentences, including measures "used to enforce conditions such as fine or restitution payments, or attendance in a program of treatment such as drug

---

8. Fed.R.Crim.P. 35 reads as follows (emphasis added):

Rule 35 Correction of Sentence.

   (a) Correction of a Sentence on Remand. The court shall correct a sentence that is determined *on appeal* under 18 U.S.C. § 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, *upon remand* of the case to the court—

   (1) for imposition of a sentence *in accord with the findings* of *the court of appeals*; or

   (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

   (b) Correction of Sentence for Changed Circumstances. The Court, on motion of the government, may within one year after the imposition of a sentence, *lower a sentence* to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

rehabilitation."). Two-track sentencing therefore is just a variation on an old theme. Rather than turning on his own conduct, Martin's conditional sentence was dependent on the future conduct of the Supreme Court.

Conditional sentencing has been approved by at least one other Court of Appeals in a similar context. *See United States v. Brittman*, 872 F.2d 827, 829 (8th Cir.1989) ("We believe the District Court acted prudently in using this two-track procedure."), approving the District Judge's reasoning in *Brittman* as follows:

> Of course, the sentence which will be entered on the Judgment and Commitment form will be the [pre-guidelines sentence] only, because that will be the only lawful sentence under the opinion of the Court. However, if the Court is reversed and the Guidelines upheld, a new Judgment and Commitment will have to be entered, but this may be done without any further sentencing hearing. This approach will, it is hoped, effect some efficiency in the light of the uncertainties involved.

*United States v. Brittman*, 687 F.Supp. 1329, 1331 (E.D.Ark.1988).

There is neither a technical, rule-based problem nor a more fundamental, principle-based problem with the District Court's procedure because Martin was advised and clearly knew that his sentence was conditional. *See Gauntlett v. Kelley*, 849 F.2d 213, 219 (6th Cir.1988) ("Gauntlett was on notice that his appeal could lead to a more severe sentence, a factor to be considered in assessing the reasonableness of an expectation of finality."); *United States v. Fogel*, 829 F.2d 77, 87 (D.C.Cir.1987) ("[A] defendant has a legitimate expectation in the finality of a sentence unless he is or should be aware at sentencing that the sentence may permissibly be increased."). As the panel majority notes, "the trial judge, at the September 2, 1988 sentencing hearing, explained with clarity the dual sentencing that she announced in her earlier *Thomas* decision and it is equally correct that the defendant acknowledged his understanding of the dual sentencing pro-

cedure...." *Ante* at 1175. Thus it is clear that Martin had no reasonable expectation in the finality of the pre-guidelines sentence.

Judge Gibbons's clear explanation of the conditional nature of Martin's sentence was no less effective as a colloquy at a sentencing hearing than as a journal entry, as prescribed by the majority. Courts speak frequently without written orders. For example, evidentiary rulings from the bench properly are accorded the full weight of authority that any judicial decision, written or otherwise, deserves.

I also disagree with the majority's assertion that Rule 35's restrictions about first correcting sentences in district courts applies to this case. Imposition of a conditional sentence does not constitute a corrected sentence within the meaning of Rule 35. Even if the conditional sentence were, however, viewed as a corrected sentence, Rule 35 nonetheless would permit the guidelines to determine Martin's sentence. Rule 35 permits a district court on remand "to correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law...." Fed. R.Crim.P. 35 (1990). Because the guidelines were in effect when Martin was sentenced, any sentence imposed under the preguidelines scheme was entered illegally. This fact is unaltered by the pendency of a Supreme Court challenge to the guidelines. Therefore, if the Court rejects the view that the dual sentence was a conditional sentence, then we should remand the case to the District Court with instructions to do just what Judge Gibbons did in the first place: to sentence Martin under the federal sentencing guidelines.