966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel RODGERS, Defendant-Appellant.
 No. 92-5042.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to correct an illegal sentence filed under Fed.R.Crim.P. 35. He requests leave to proceed in forma pauperis on appeal and the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 29, 1990, Manuel Rodgers pleaded guilty to money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i). On October 26, 1990, he was sentenced to seventy months imprisonment and two years supervised release. Judgment was entered on November 15, 1990.
 
 
 3
 On November 27, 1991, Rodgers filed a "Notice of Appeal and Review of Sentence" in the district court. Rodgers challenged his sentence on grounds of ineffective assistance of counsel and improper application of sentencing guidelines. The district court construed the "Notice" as a motion for correction of sentence under Fed.R.Crim.P. 35(a). The motion was denied.
 
 
 4
 Upon review, we conclude that the district court lacked authority to review Rodgers's claims under Fed.R.Crim.P. 35. See United States v. Martin, 913 F.2d 1172, 1177 (6th Cir.1990). The district court's authority under Rule 35 is limited to those circumstances where it has been determined on appeal that a sentence has been imposed in violation of law or as a result of an incorrect application of sentencing guidelines, or the Government requests a reduction in sentence. See Fed.R.Crim.P. 35; Martin, 913 F.2d at 1177. Review of the record shows that Rodgers did not seek a timely appeal from the imposition of sentence, see United States v. Rodgers, No. 91-6435 (6th Cir. Feb. 20, 1992), and the Government did not file a motion for reduction of sentence. Because appropriate circumstances were not present, the district court lacked authority to grant the relief requested.
 
 
 5
 Additionally, a claim of ineffective assistance of counsel is not subject to review under Fed.R.Crim.P. 35. See United States v. Willis, 804 F.2d 961, 963 (6th Cir.1986).
 
 
 6
 The claims nonetheless lack merit. Rodgers maintained that he received ineffective assistance of counsel because counsel failed to object at sentencing to handgun evidence. However, as noted by the district court, the claim is irrelevant because the underlying conviction for money laundering did not involve evidence of a handgun.
 
 
 7
 On appeal, Rodgers explains that a 1983 conviction for carrying a concealed weapon should not have been used to enhance his sentence because it was imposed more than five years before the current conviction. His claim lacks merit because the five year limitation applies to offenses committed prior to the defendant's eighteenth birthday. See U.S.S.G. § 4A1.2(d). Review of the record shows that Rodgers was born on September 16, 1962, and that the handgun offense was committed on September 9, 1982, only a few days short of his twentieth birthday. The handgun offense, committed subsequent to his eighteenth birthday and with a sentence imposed within ten years of the present conviction, was properly used to enhance Rodgers's sentence. See U.S.S.G. § 4A1.1(c), comment.
 
 
 8
 Accordingly, the requests for pauper status and for appointment of counsel are denied. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.