**Joe Alfred THOMAS, Jr., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 93–3283.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided June 9, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied July 19, 1994.*

---

* Judge Hansen took no part in the consideration or decision of this case.

322

Phillip B. Mears, Iowa City, IA, argued, for appellant.

Richard L. Murphy, Asst. U.S. Atty., Cedar Rapids, IA, argued, for appellee.

Before LOKEN, Circuit Judge, and JOHN R. GIBSON and FRIEDMAN *, Senior Circuit Judges.

FRIEDMAN, Senior Circuit Judge.

For the second time, the appellant Thomas challenges the sentence he received following his guilty plea to a drug charge. In the previous appeal, we rejected a number of his attacks upon his sentence. *United States v. Thomas,* 894 F.2d 996, *cert. denied,* 495 U.S. 909, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990). In this appeal, he contends that he was improperly sentenced under the Sentencing Guidelines as a career offender, because he was not informed either by the district court or by his counsel that he could be so sentenced. He further contends that his counsel's failure so to inform him denied him effective assistance of counsel. Once again, we reject his challenges and affirm.

I

A. Pursuant to a plea agreement, Thomas pleaded guilty in the United States District Court for the Northern District of Iowa to two counts (of a six-count indictment) charging him in Count 4 with distributing and aiding and abetting in the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (1982) and 18 U.S.C. § 2 (1988), and in Count 6, with conspiring to distribute and possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(ii), and § 846.

Before accepting the plea, the district court ** examined Thomas at length, under oath and in the presence of his counsel, regarding his understanding of the charges, his rights if he went to trial, and the consequences of a guilty plea. The court explained to Thomas, who stated he under-

---

* DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

** The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa.

stood, that by pleading guilty he was subject to maximum imprisonment of 20 years on Count 4 and 40 years on Count 6. The court also explained that the prior drug conviction charged in Count 5 (but not in Count 4), would not be used to enhance his sentence under Count 4, but "would have an impact on the sentence in Count 4, too, because it would count in the scoring of the criminal history."

Thomas answered, "No," to the question "Apart from the plea agreement between you and the Government, have there been any other promises or predictions of any kind made to you which have influenced your decision to plead guilty?"

Thomas answered, "Yes," to the following questions:

Do you understand that the Court is not going to be able to determine the guidelines sentence for you until after the presentence report has been completed and you and the Government have had an opportunity to challenge any facts reported by the probation officer?

Do you also understand that after it has been determined what guideline applies to a case, the judge has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines?

Do you also understand that if the sentence imposed upon you is more severe than you may have expected, that you will still be bound by your plea agreement and by the plea of guilty, that you will have no right to withdraw your guilty pleas?

And just so there's no misunderstanding between us, Mr. Thomas, do you understand that if you plead guilty here today you're putting the next 60 years of your life and $3,000,000 of your money right on the line?

The following colloquy then ensued between the court and Thomas:

Are you satisfied with the advice and services and representation that Mr. Mundy [Thomas' counsel] has given to you in this case?

THE DEFENDANT: Yes, I am.

THE COURT: Do you have any complaint to make about the job of lawyering that he's done for you?

THE DEFENDANT: No, I don't.

THE COURT: I believe you when you tell me that, Mr. Thomas, but you should understand that if you are hiding or harboring any such complaint against Mr. Mundy, now is the time to make it and get it out on the table and not after you've been sentenced, because apart from Mr. Mundy's recognized power of persuasive argument, there is no control that he has over the sentencing judge's discretion. And so if you are dissatisfied or disgruntled or disappointed with the eventual disposition in your case, Mr. Mundy will not be the man to blame for that. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: So understanding, do you have any present complaint to make about the job of lawyering that he's done?

THE DEFENDANT: No, I don't.

After a detailed discussion of the government's evidence supporting those counts, the court accepted Thomas' guilty plea.

B. The report of the presentence investigation recommended that Thomas be sentenced as a career offender because of his prior felony convictions. At the outset of the sentencing hearing, at which Thomas was represented by the same lawyer who had represented him at the plea hearing, the clerk asked Thomas: "Have you been satisfied with the representation of counsel in this matter?" Thomas replied, "Yes, I have."

After an extended discussion, the court concluded that Thomas had two prior felony convictions for crimes of violence, which made Thomas a career offender under the Sentencing Guidelines, with a sentencing range of 262–327 months. Following an evidentiary hearing, the court sentenced Thomas to 262 months imprisonment on Count 6, and 210 months on Count 4, to be served concurrently.

On Thomas' appeal from the sentence, this court affirmed. *U.S. v. Thomas,* 894 F.2d 996, *cert. denied,* 495 U.S. 909, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990). We held that

"Thomas was properly classified as a career offender pursuant to the Guidelines," that the district court correctly found it unnecessary to determine alleged factual disputes, and that that court:

> complied with the requirements of Rule 11(c)(1) by advising Thomas of the maximum statutory penalty for his offenses. The District Court is not required to inform the defendant of the applicable guideline range or the actual sentence he will receive. *United States v. Fernandez,* 877 F.2d 1138, 1143 (2d Cir.1989). The court told Thomas that his prior state drug conviction would not statutorily enhance his sentence, but would have an impact on his sentence because it would count in scoring his criminal history.

*Id.* at 997.

C. Following the affirmance of his sentence, Thomas moved in the district court under 28 U.S.C. § 2255 (1988) to vacate, set aside or correct his sentence 832 F.Supp. 1297. He alleged, among other things, that his "guilty plea was not truly voluntary in that it was entered without a full understanding of the penal consequences of his plea," because he "had no idea when he pled guilty that he could be convicted as a 'career offender,' which essentially subjected him to 2 or 3 times the possible penalties." He also alleged that he had "not received effective counsel in connection the his [sic] plea and sentence in that his trial lawyer did not discuss with him prior to his guilty plea the fact that he could be convicted as a career offender."

The district court *** dismissed the § 2255 motion with prejudice and without a hearing.

The court rejected Thomas' contention that "his plea was not voluntary and intelligent because he entered his guilty plea 'without a full understanding of the penal consequences of his plea,' " as

> belied by the transcript of the plea proceeding. The court informed the defendant of the maximum sentence prescribed by law, as required by Fed.R.Crim.P. 11(c)(1). The court also informed the de-

fendant that the sentencing guidelines applied and would control the determination of his sentence. The court further explained that the guidelines-mandated sentencing range could not be determined until a presentence report was complete. This information is sufficient.

The court held that Thomas' ineffective assistance of counsel argument—that "his trial lawyer did not discuss with him prior to his guilty plea the fact that he could be convicted as a career offender,"

> fails because he cannot prove that counsel was objectively unreasonable or that any attorney error prejudiced him. The Sentencing Guidelines do not permit a quick and easy determination of a defendant's sentence. A defendant is not entitled to an accurate prediction of a yet-to-be-determined Guidelines range.
>
> The defendant's right to be apprised of the court's sentencing options is no greater than the provisions of Fed.R.Crim.P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences. Thus, by alleging that counsel failed to predict the application of the career offender guidelines to his case, the defendant cannot prove that his counsel's performance was objectively unreasonable or outside the normal range of competence. (Citations omitted).

## II

■ A. Thomas first contends that because the district court did not inform him that he might be sentenced as a career offender, his guilty plea "was not truly voluntary and intelligently made." This court rejected the fundamental premise of that argument in the prior appeal when it ruled that "The District Court is not required to inform the defendant of the applicable guideline range...." 894 F.2d at 997. That ruling is the law of the case. *United States v. Serpa,* 930 F.2d 639, 640 (8th Cir.1991). "Although the law-of-the-case doctrine does not preclude us from reconsidering and correcting

---

*** After our decision affirming Thomas' sentence, Judge Hansen was appointed to this court. He sat by designation on the district court to handle Thomas' § 2255 motion.

an erroneous decision, we will do so only to prevent a manifest injustice." *Id.* Thomas has not met that exacting standard and, indeed, has not given any convincing reason why we should depart from that ruling in his prior appeal.

■ Thomas argues that the district court should not have accepted his plea prior to the issuance of the presentence report. Thomas, however, did not object to the district court entertaining his plea without a presentence report or request the court to defer the plea proceedings until the report had been prepared. He did not raise the issue in his prior appeal. Nor did he make the contention in his § 2255 motion. The argument, made for the first time in this appeal, comes too late, and we decline to consider it. *Dorothy v. Little Rock School Dist.*, 7 F.3d 729, 734 (8th Cir.1993) (stating "we do not consider arguments raised for the first time on appeal").

■ With respect to Thomas' general complaint that his plea was not voluntary and intelligent because he did not fully understand its penal consequences, we agree with the district court that this claim "is belied by the transcript of the plea proceeding." As noted in Part I of this opinion, Thomas was told and understood at that proceeding that he faced a 60–year maximum sentence, that the Sentencing Guidelines would control his sentence, that the Guideline range could not be determined until the presentence report was prepared, and that if the sentence he received was more severe than he expected, he would still be bound by his guilty plea and could not withdraw it. In light of the lengthy colloquy with Thomas and the district court's detailed explanation of the plea proceedings, Thomas' claim that he did not voluntarily and understandingly enter his plea must fail.

Neither in his § 2255 motion nor during the lengthy plea proceedings did Thomas ever state or even suggest that he did not commit the crimes to which he pleaded guilty. To the contrary, at those proceedings, Thomas described under oath his crimes and admitted that the government's detailed statement of the evidence against him was correct. Thomas' present attempt to withdraw his guilty plea reflects only his dissatisfaction and disappointment that he received a more severe sentence than he anticipated. (Thomas cannot properly here contend that his lawyer told him that he likely would receive a lesser sentence in view of his sworn statement at the plea proceedings that, apart from the plea agreement, there had been no other "promises or predictions of any kind" that influenced his decision to plead guilty.) As Thomas recognized at the plea hearing, however, he would have no right to withdraw his plea "if the sentence imposed on you is more severe than you may have expected."

■ B. Thomas' principal contention is that he was denied effective assistance of counsel in the plea proceedings because his lawyer did not advise him that under the Guidelines he could be sentenced as a career offender, which could carry a more severe sentence. To establish an ineffective assistance of counsel claim, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that such failure prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687, 688, 694, 104 S.Ct. 2052, 2064, 2064, 2068, 80 L.Ed.2d 674 (1984). In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58–59, 106 S.Ct. at 370–371 (Footnote omitted).

Thomas has not satisfied either of these requirements.

1. At the time of the plea hearing, it was impossible to know, or even predict, whether Thomas would be sentenced as a career offender. As the district court pointed out at that hearing, and as Thomas stated he understood, the court would be unable "to de-

termine the guidelines sentence" for him "until after the presentence report had been completed." Thomas further stated that he had no complaint "about the job of lawyering" his counsel had done, that he was "satisfied with the advice and services and representation" his lawyer had given him, and that if he were "dissatisfied or disgruntled or disappointed with the eventual disposition [of his] case," his lawyer "will not be the one to blame for that."

When the presentence report recommended that Thomas receive an enhanced sentence as a career offender, Thomas challenged that recommendation on various grounds. He did not, however, seek to withdraw his guilty plea and stand trial because his lawyer's failure to tell him he might be so sentenced constituted ineffective assistance of counsel. Indeed, at the beginning of the sentencing hearing, Thomas stated, "Yes, I have", in reply to the clerk's question whether he had been "satisfied with the representation of counsel in this matter?" If his lawyer's failure to advise him of the possibility that he might be treated as a career offender constituted ineffective assistance of counsel, one would have expected Thomas to have raised the issue at that time.

As the district court stated in denying Thomas' § 2255 motion, Thomas' "right to be apprised of the court's sentencing options is no greater than the provisions of Fed. R.Crim.P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences." Our ruling in the prior appeal that the "District Court is not required to inform the defendant of the applicable guideline range" included the possibility of an enhanced sentence as a career offender. In these circumstances, the failure of Thomas' lawyer to inform him of that possibility did not establish that his lawyer's "representation fell below an objective standard of reasonableness" *Baxter v. United States,* 966 F.2d 387, 389 (8th Cir.1992). *Cf. Barker v. United States,* 7 F.3d 629, 633 (7th Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994) ("misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, stand-

ing alone, does not constitute ineffective assistance of counsel"); *United States v. Arvanitis,* 902 F.2d 489, 494 (7th Cir.1990) ("attorney's incorrect estimate of the applicable offense severity rating" under Parole Commission Guidelines not ineffective assistance of counsel); *United States v. Sweeney,* 878 F.2d 68, 69–70 (2d Cir.1989) (lawyer's "erroneous estimate" of Guideline Sentencing range not ineffective assistance of counsel.)

2. Thomas also has not shown that his attorney's failure to inform him that he could be given an enhanced sentence as a career offender prejudiced him in that "there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Although Thomas stated in his § 2255 motion (which his attorney signed) that he "had no idea when he pled guilty that he could be convicted as a 'career offender,'" he did not state that had he been aware of that possibility he would have pleaded not guilty and stood trial. Moreover, there is no reason to believe that, if he had pleaded not guilty and gone to trial, he would not have been convicted and would not have been sentenced as a career offender. Indeed, since the district court's sentence of 262 months imprisonment on Count 6 was at the bottom of the Guideline range of 262–327 months, Thomas might have received a greater sentence had he gone to trial than he received on his guilty plea.

C. Thomas contends that the district court improperly denied his § 2255 motion without a hearing. That section provides in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon. 28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly ap-

pears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

In its final conclusion of law, the district court stated:

Having carefully reviewed the defendant's claims contained in his § 2255 motion and the prior proceedings, the court concludes that it plainly appears that the movant is not entitled to any relief and that his motion should be dismissed summarily without further hearing.

As we have shown, the district court correctly concluded, on the basis of the prior proceedings and the allegations of the § 2255 motion, that the failure of Thomas' lawyer to inform him that he could be sentenced as a career offender did not constitute ineffective assistance of counsel. Since there was no factual issue that required a hearing, the district court did not abuse its discretion in summarily dismissing the motion. *Widgery v. United States,* 796 F.2d 223, 224 (8th Cir.1986).

Thomas contends that the need for a hearing was enhanced because the district court failed to act on his § 2255 motion for almost 20 months after he filed the motion on October 23, 1991; the district court denied it on August 12, 1993. Thomas points to the requirement in § 2255 that the district court should grant "a prompt hearing" on the motion. That requirement, however, applies "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Here, the district court correctly ruled that Thomas was "not entitled to any relief." Moreover, the district court's delay in deciding Thomas' motion did not prejudice Thomas, since there is no reason to believe that the district court's decision would have been any different if the court had acted sooner.

The order of the district court dismissing Thomas' § 2255 motion with prejudice is affirmed.