**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

_____

**No. 00-2921**

_____

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA, | * | Appeal from the United |
| | * | States District Court |
| Plaintiff - Appellee, | * | for the District |
| | * | of Minnesota |
| v. | * | |
| | * | [UNPUBLISHED] |
| | * | |
| DISHAWN OMAR CURRY, | * | |
| | * | |
| Defendant - Appellant. | * | |
| | * | |

_____

Submitted: June 12, 2001
Filed: July 2, 2001

_____

Before WOLLMAN, Chief Judge, HAMILTON[1] and MURPHY, Circuit Judges.

_____

PER CURIAM.

Dishawn Omar Curry (Curry) appeals his sentence of 216 months' imprisonment following his plea of guilty to one count of possession with intent to distribute powder cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). We affirm Curry's sentence.

I

Following entry of Curry's plea of guilty to one count of possession with intent to distribute powder cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), Curry

_____

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

appeared before the district court for sentencing on July 26, 2000. In accordance with the presentence report, the district court determined Curry's sentencing range under the United States Sentencing Guidelines (the Sentencing Guidelines or USSG) to be 324 to 405 months' imprisonment. Based upon substantial assistance that Curry provided the government, the government made a motion for downward departure in Curry's sentence pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. The district court granted the government's motion and departed downward 108 months to a sentence of 216 months' imprisonment. Curry noted a timely appeal of his sentence from the district court's judgment entered July 26, 2000.[2]

## II

On appeal, Curry challenges his sentence on the basis that the district court did not sufficiently consider the particular circumstances of his case in determining his sentence (i.e., no individualized sentencing determination) in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution and in violation of 18 U.S.C. § 3553(a)(1), (a)(2)(D). According to Curry, the district court's statements at his sentencing hearing reveal that, in determining the extent of its downward departure based upon the government's substantial assistance motion, the district court impermissibly focused exclusively or nearly-exclusively on the sentences of other defendants receiving the benefit of a downward departure based upon the same type of motion. Curry's challenge to his sentence is without merit.

First, "the Constitution does not guarantee individualized sentencing, except in capital cases." United States v. Brittman, 872 F.2d 827, 828 (8th Cir. 1989). Thus, even assuming arguendo that the district court did not afford Curry individualized sentencing, Curry's sentence cannot constitute a violation of his right to due process under the Due Process Clause of the Fifth Amendment. Id. Second, our careful review of the entire sentencing transcript reveals that the district court complied with

---

[2]The Honorable Donovan W. Frank, District Judge, United States District Court for the District of Minnesota.

- 2 -

18 U.S.C. § 3553(a)(1), (a)(2)(D), which requires a district court, "in determining a particular sentence to be imposed," to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Id.  In short, contrary to Curry's proffered characterization, the record establishes that Curry received the very individualized sentencing he claims the district court denied him.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.