986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald STOKES, a/k/a Jerry Stokes, and Robert Stokes,
Defendants-Appellants.
 Nos. 92-2109, 92-2110.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a motion to vacate the imposition of sentence filed under 28 U.S.C. § 2255. The sentence under attack is a guideline sentence entered as an alternative to a contemporaneous non-guideline sentence. The procedure was adopted by the sentencing court prior to Mistretta v. United States, 488 U.S. 361 (1989), but after the sentencing court had held the guidelines unconstitutional. We affirm.
 
 
 3
 At the time of the imposition of sentences in these cases, the sentencing court had ruled guideline sentences would be "precluded" because of the court's prior determination on the constitutionality of the guidelines. That ruling notwithstanding, after pronouncing a non-guideline sentence, the court stated: "Further, in the event the Sentencing Reform Act of 1984 is found to be constitutional, the following sentence is imposed in the alternative." The court then proceeded to impose a sentence in accordance with the guidelines.[1] Neither defendant objected, even though both now claim they were not given notice of the court's intent to impose an alternative sentence and were surprised by the court's action, and neither appealed the imposition of the guideline sentence.
 
 
 4
 Consequently, the questions of the so-called "dual sentence" and the lack of notice thereof were not raised until the filing of the § 2255 petition some three and a half years later. This appeal follows the district court's denial of the petition.
 
 
 5
 Defendants urge we should be guided by United States v. Martin, 913 F.2d 1172 (6th Cir.1990), which held, under the circumstances of that case, the district court's imposition of a "dual sentence" was improper. Defendants place more faith in Martin than the case warrants.
 
 
 6
 In a split decision, the Sixth Circuit ruled an alternative guideline sentence invalid on jurisdictional grounds. Instead of incorporating the guideline and non-guideline sentences in the written judgment of conviction, the sentencing court first entered a formal written judgment on the non-guideline sentence and then recorded its guideline sentence in a journal entry twenty days later. After Mistretta, the district court attempted to revive the alternative guideline sentence. On its own motion, 134 days after entry of the original sentence, the district court entered an order effecting the guideline sentence. The circuit court pointed out, however, the period for appealing the original sentence had expired; therefore, the district court's sentencing jurisdiction had lapsed, and it was powerless to enter the guideline sentence.[2] That is not the situation here.
 
 
 7
 In this instance, the written judgment of conviction contains both sentences. Since the guideline sentence was included in the original judgment, the jurisdictional problem solved by the Martin court does not even arise.
 
 
 8
 Defendants raise an additional point. They argue once the district court accepts the terms of a plea agreement, it is bound thereby. Thus, they contend, the district court had to apply the plea agreement, and sentence them under the pre-guideline law. Implicit in the argument is the fact that defendants entered into a plea agreement which mandated use of pre-guideline sentencing. There is no plea agreement in the record, and nothing indicates such a term was incorporated into the plea agreement actually approved by the district court. Thus, the record does not supply a factual basis for the argument, and the cases relied upon by defendants requiring a district court to enforce plea agreements are inapposite.
 
 
 9
 The government cites, and the district court relied upon, United States v. Brittman, 872 F.2d 827, 829 (8th Cir.), cert. denied, 493 U.S. 865 (1989),[3] which held valid a sentencing scheme comparable to that employed by the district court in this case. We agree with the Eighth Circuit's analysis, even though defendants argue the case is distinguishable.
 
 
 10
 Defendants contend because the district court in this case had advised them they would not be sentenced under the guidelines, it should be forced to abide by its promise. To the extent that argument could be well taken, it has been waived by the defendants' failure to object and to appeal from the sentence.
 
 
 11
 We have previously held the failure to raise a non-constitutional issue on direct appeal when the defendant was able to do so ordinarily will bar collateral review of that issue under § 2255. United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988). We have also held § 2255 cannot be used to test the legality of matters which should have been raised on appeal. United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error. United States v. Frady, 456 U.S. 152, 167-68 (1982). Defendants have done neither.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the defendants were sentenced at different hearings, the identical statement was used by the court in both instances
 
 
 [2]
 Although defendants suggest in their brief the case was decided on due process grounds, that issue was not present in the case
 
 
 [3]
 The government also cites United States v. Garcia, 893 F.2d 250 (10th Cir.1989), cert. denied, 494 U.S. 1070 (1990), but because the issue of the validity of the dual sentencing was not before the court, the statement we made about it is pure dictum