16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bill Lee SCOTT, Defendant-Appellant.
 No. 93-2176.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Bill Lee Scott appeals the district court's dismissal of his 28 U.S.C. 2255 petition. We have jurisdiction under 28 U.S.C. 1291,[3] and we affirm.
 
 
 2
 In 1988, Defendant was convicted of conspiracy to manufacture methamphetamine, 21 U.S.C. 846, and manufacturing methamphetamine, 21 U.S.C. 841(b)(1)(C). On December 16, 1988, concluding that the Sentencing Reform Act of 1984 was unconstitutional, the district court sentenced Defendant to concurrent terms of ten years imprisonment pursuant to sentencing law in effect prior to the Sentencing Reform Act. However, the court also imposed an alternate sentence of concurrent terms of 188 months imprisonment pursuant to the Sentencing Guidelines, to take effect if the Supreme Court declared the Act constitutional. The court advised Defendant that his sentence under the Guidelines would become effective if the Act was determined to be constitutional, and the court's judgment and commitment order specified that both the pre-Guidelines and alternate Guidelines sentence were being imposed. On January 12, 1989, Defendant began serving his sentence. On January 18, 1989, the Supreme Court upheld the constitutionality of the Act, see Mistretta v. United States, 488 U.S. 361 (1989); consequently, as of that date, Defendant's 188 month Guidelines sentence became operative.
 
 
 3
 We affirmed Defendant's conviction on direct appeal. See United States v. Scott, 901 F.2d 871 (10th Cir.1990). On March 3, 1991, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. 2255, raising numerous grounds for relief. On January 2, 1992, the district court dismissed Defendant's motion on the merits, and Defendant did not appeal the court's dismissal. Sixteen months later, Defendant filed this 2255 motion challenging the district court's imposition of alternate sentences. Concluding that Defendant raised issues that had already been raised and determined in his first 2255 motion, the district court dismissed the action on the ground that it raised claims raised and disposed of in an earlier petition. Defendant appeals from this dismissal.
 
 
 4
 Specifically, Defendant claims (1) his sentence could not be altered after service of the pre-Guidelines sentence had begun, (2) the district court lacked authority to impose alternate sentences, (3) the district court violated Fed.R.Crim.P. 43(a) because he was not "present" when his Guidelines sentence took effect, (4) alternate sentencing violates Fed.R.Crim.P. 35, (5) the district court's sentencing terms were ambiguous, requiring the application of the rule of lenity, and (6) alternate sentencing violates the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.[4]
 
 
 5
 Having reviewed Defendant's first 2255 petition, we do not agree with the district court that Defendant's challenges to the court's imposition of alternate sentences were raised and disposed of in that petition. As a result, we disagree with the court's characterization of Defendant's present petition as raising successive claims. Furthermore, Defendant's petition is not subject to dismissal as an abuse of the writ because the government failed to plead abuse of the writ. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). We therefore proceed to the merits.
 
 
 6
 We have already approved the use of alternate sentences under circumstances akin to Defendant's. In United States v. Garcia, 893 F.2d 250 (10th Cir.1989), cert. denied, 494 U.S. 1070 (1990), the Defendant moved the district court to declare the Guidelines unconstitutional. The motion was granted and the Defendant pleaded guilty. The court sentenced the Defendant under the sentencing law in effect prior to the effective date of the Sentencing Reform Act. It also imposed an alternate sentence to take effect if the Act was declared constitutional. We stated: "[b]ecause the guidelines have been held to be constitutional, the alternate guidelines sentence is the sentence that must be applied against defendant." Id. at 252. Accord United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989) (dual sentencing not unconstitutional nor an abuse of discretion); United States v. Brittman, 872 F.2d 827, 829 (8th Cir.) (upholding district court use of "two-track" system imposing alternate sentences until constitutionality of Guidelines definitively decided), cert. denied, 493 U.S. 865 (1989).
 
 
 7
 None of Defendant's arguments convinces us that the district court's imposition of alternate sentences was improper. Defendant's claim that his sentence could not be altered after service of the pre-Guidelines sentence had begun is premised on the incorrect assumption that it was necessary for the district court to reassert jurisdiction over Defendant in order for the Guidelines sentence to take effect. Defendant's Guidelines sentence was imposed at the time of sentencing and the judgment and commitment contained both sentences; as a result, no court action was required for the Guidelines sentence to become operative, and no jurisdictional problem arose. United States v. Stokes, Nos. 92-2109, 92-2110, 1993 U.S.App. LEXIS 3578 (10th Cir. Feb. 23, 1993) (unpublished decision) (when original judgment contains both alternate sentences no jurisdictional problem arises).
 
 
 8
 Defendant next claims that the district court lacked authority to impose alternate sentences. As stated above, we have already approved the imposition of alternate sentences, see Garcia, 893 F.2d 250, 252, as have the other circuit courts addressing the issue, see Draper, 888 F.2d at 1105; Brittman, 872 F.2d at 829. Defendant has not convinced us otherwise.
 
 
 9
 Defendant claims the district court violated Fed.R.Crim.P. 43(a) because he was not "present" when his Guidelines sentence took effect. We disagree. Fed.R.Crim.P. 43(a) requires Defendant's presence when sentence is imposed. Defendant's sentence was imposed on December 16, 1988, not, as Defendant argues, when his previously imposed Guidelines sentence became operative on January 18, 1989. Defendant was present on December 16, 1988; therefore, his Rule 43(a) argument is without merit.
 
 
 10
 We also reject Defendant's claim that alternate sentencing violates Fed.R.Crim.P. 35. The imposition of the Guidelines sentence was not a correction or reduction of Defendant's original sentence; rather, the Guidelines sentence was part of Defendant's original sentence. Consequently, Rule 35 does not apply.
 
 
 11
 Defendant claims the district court's sentencing terms were ambiguous, requiring the application of the rule of lenity. We conclude that nothing about the court's sentencing order is ambiguous; accordingly, the rule of lenity is inapplicable. See Chapman v. United States, 111 S.Ct. 1919, 1926 (1991).
 
 
 12
 Defendant's final claim is that alternate sentencing violates the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Defendant's constitutional claims are based on his belief that he was unlawfully "sentenced" to the Guidelines sentence while serving another sentence, thereby depriving him of his right to appear and object to the imposition of the Guidelines sentence. Defendant's characterization is incorrect. As stated above, Defendant was sentenced to the alternate Guidelines sentence on December 16, 1988. He was present during the imposition of the sentence and was provided an opportunity to object to the Guidelines sentence, but failed to do so. Therefore, we reject Defendant's constitutional challenges. See Draper, 888 F.2d at 1105 (dual sentencing not unconstitutional).
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 At the time Defendant filed his notice of appeal, his "Motion for Findings of Fact" was pending in the district court, thereby depriving us of jurisdiction over the appeal pursuant to Fed. R.App. P. 4(a)(4). However, Defendant's motion was subsequently withdrawn, and, because Defendant's notice of appeal was timely filed, we exercise jurisdiction
 
 
 [4]
 Defendant's remaining claims challenge the district court's dismissal of his petition on the ground that it raised successive claims. Because we reach the merits of Defendant's petition, we need not address these issues