**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERT LEE HOWE, JR.,

      Defendant - Appellant.

No. 04-4171
(D.C. No. 1:02-CR-64-DB)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **PORFILIO**, Circuit Judges, and **BROWNING**, District Judge.[**]

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable James O. Browning, United States District Judge for the District of New Mexico, sitting by designation.

After his motion to suppress was denied, *United States v. Howe,* 313 F. Supp. 2d 1178 (D. Utah 2003), Robert Lee Howe, Jr. conditionally pled guilty to two counts of an indictment charging him with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). At sentencing, the court rejected Mr. Howe's motion to find the Sentencing Guidelines unconstitutional to defeat a recommended upward departure for obstruction of justice. It then imposed both a guideline sentence of 22.5 years and, in the wake of *Blakely,* an alternative sentence of 16 years. On appeal, Mr. Howe contests the court's denial of his motion to suppress the contents of a locked briefcase police broke open and his post-arrest statements. Adding another ripple "in the stream of *Booker*-related cases," *United States v. Magallanez,* ____ F.3d ____, No. 04-8021, 2005 WL 1155913, at *1 (10th Cir. May 17, 2005), Mr. Howe also contends the court committed constitutional error in enhancing his sentence based on judicially found facts to which he did not plead. Concluding otherwise, we hold neither the district court's denial of the motion to suppress nor its prescient decision to impose an alternative sentence was error and affirm the judgment.

The district court having fully narrated the facts, we limn only their essence here. Observing a figure holding a glass pipe and torch lighter and slouched over

the wheel of a parked car, Roy, Utah Police Officer Adam Szerszen arrested Robert Lee Howe for possession of drug paraphernalia. 313 F. Supp. 2d at 1181. After the arrest, Officer Szerszen found vials of a white substance in a pat-down search which, upon advising Mr. Howe of his rights, Mr. Howe acknowledged was "crank," or methamphetamine. In the ensuing search of the vehicle, substantial quantities of the same white substance, drug paraphernalia, a handgun, several firearms, and a locked silver briefcase were discovered. *Id.* at 1182. Ignoring Mr. Howe's refusal to reveal the combination to the lock on the briefcase and request to speak to a lawyer, Officer Szerszen then pried open the briefcase and found several large packages of methamphetamine. *Id.* at 1183. Later, Officer Szerszen submitted an inventory report on Mr. Howe's impounded vehicle.

In the district court, Mr. Howe targeted his motion to suppress, generally, on the theory that the officers' failure to follow internal Roy City Police Department written policies on inventory searches rendered the search unreasonable, and, specifically, on the ground that the search of the locked briefcase was unreasonable. Methodically and comprehensively, the district court addressed each of the government's justifications for establishing the reasonableness of the search both of the vehicle and the briefcase: (1) search incident to arrest, (2) automobile search based on probable cause, (3) lawful

inventory search, and (4) inevitable discovery, and concluded, "the evidence found in the vehicle would have inevitably been discovered." *Id.* at 1187. Although the court employed these and other factors in denying Mr. Howe's motion to suppress, underlying that conclusion was the unrefuted presence of probable cause.

Further, the court rejected Mr. Howe's effort to suppress his post-arrest statement to Officer Szerszen who, he claimed, had failed to adequately convey his Miranda rights. *Miranda v. Arizona,* 384 U.S. 436 (1966). Quoting Officer Szerszen's testimony, the court relied on *California v. Prysock*, 453 U.S. 355, 359-60 (1981) (per curiam) (provided officers offer a fully effective equivalent, an exact incantation of the Miranda warnings is not required), and found Officer Szerszen's advisement was in the present tense, directed at the present moment, "effectively communicat[ing] to Defendant that his right to appointed counsel existed at that time, not at some point in the future." 313 F. Supp. 2d at 1188.

"When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless clearly erroneous, and review de novo the ultimate determination of reasonableness under the Fourth Amendment." *United States v. Williams*, 403 F.3d 1188, 1193 (10th Cir. 2005) (quoting *United States v. Katoa*, 379 F.3d 1203, 1205 (10th Cir. 2004), *cert. denied,* ____ U.S. ____, 125 S. Ct. 1390 (2005)).

Notwithstanding Mr. Howe's efforts to refine each of the contentions previously presented,[1] we conclude the district court correctly refused to suppress the evidence and statements and adopt its reasoning and analysis.

Next, Mr. Howe contends the court erred in finding the Sentencing Guidelines constitutional and in adding a two-level enhancement for obstruction of justice based on the government's evidence of Mr. Howe's attempted escape from the Weber County Jail. Mr. Howe seeks remand for imposition of the alternative sentence. The government concedes the sentence imposed constitutes non-harmless *Booker* error because the court stated if the Guidelines were not mandatory it would impose an alternate sentence. Thus, the government agrees the Guideline sentence should be vacated under *United States v. Booker*, ____ U.S. ____, 125 S. Ct. 738 (2005).

Undisputably, the court's enhancing Mr. Howe's sentence based on facts presented at the sentencing hearing and proved by a preponderance of the evidence constitutes non-harmless *Booker* error. *United States v. Gonzalez-*

_____

[1]    For example, although Mr. Howe does not contest there was probable cause to search his vehicle, he contends *Carroll v. United States*, 267 U.S. 132 (1925), does not absolutely obviate the requirement to obtain a warrant. Under that proposition, he contends Officer Szerszan could have obtained a telephonic warrant under Utah Code Ann. § 77-23-204. However, despite the district court's factual finding the inventory search did not follow Roy City Police Department policies and was, therefore, unreasonable, it still concluded the doctrine of inevitable discovery overrode that conclusion. Nothing Mr. Howe argues here alters that analysis.

*Huerta*, 403 F.3d 727, 731 (10th Cir. 2005). Consequently, the sentence reflects a mandatory application of the Guidelines and is erroneous. Nonetheless, at sentencing, the court expressed its concerns with the harshness of the mandatory 270-month sentence, 210-months on Count 1 and 60-months consecutive on Count II, and imposed an alternate sentence:

> I find Mr. Howe to be a sympathetic person . . . suffering from depression and I think he's suffering a lot. I think he has a serious drug addiction and I haven't seen any indication from his criminal history a person who has been involved in serious violent felonies of any kind or serious drug trafficking felonies. . . .
>
> So in the event Blakely strikes it all down or something like Blakely [sic] 16 years is the alternative sentence and I think that even that is on the high side for a, I think unfortunately a person who, who's upbringing appears to be difficult, alcoholic parents, a stepfather who apparently abused him, difficult upbringing, again drinking alcohol at the age of 8, a lot of drug use and then not a serious addiction he claims until he hit meth.[2]

On this basis the court imposed the alternative sentence of 192 months. However, unlike *United States v. LaBastida-Segura*, 396 F.3d 1140 (10th Cir. 2005) (despite *Booker* objection, even sentence at the bottom of the guideline range does not fully explain sentencing court's decision), we are not left "in the zone of speculation and conjecture." *Id.* at 1143. The district court explained precisely and perspicaciously how it chose to exercise its discretion in selecting an alternate sentence.

---

[2] The court also recognized Mr. Howe faced another prosecution for escape.

Mr. Howe pled guilty to all of the facts of both counts of the indictment. Under the first count, Mr. Howe acknowledged he possessed 50 grams or more of methamphetamine which subjected him to the mandatory minimum sentence of 21 U.S.C. § 841(b)(1)(A)(viii), "such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . ." Under 18 U.S.C. § 924(c)(1), Mr. Howe's plea incorporated the penalty of imprisonment of "not less than 5 years." Consequently, Mr. Howe's alternative sentence of 192 months falls within the statutory sentence of both counts. We, therefore, **AFFIRM** the judgment sentencing Mr. Howe to the alternate sentence of 192 months, but **REMAND** so that the District Court can amend the Judgment and Committal to reflect the alternate sentence is the operative sentence.[3]

Entered for the Court

John C. Porfilio
Senior Circuit Judge

---

[3] Because this amendment of the J & C is a ministerial task designed to give clear guidance to the Bureau of Prisons, the District Court need not hold another sentencing hearing to accomplish this task. *Cf. United States v. Garcia*, 893 F.2d 250, 252 (10th Cir. 1989) ("[T]he alternative guidelines sentence is the sentence that must be applied against defendant."); *United States v. Scott*, No. 93-2176, 1994 WL 35027, at **2 (10th Cir. Feb. 7, 1994) (approving the use of alternate sentence and affirming alternate sentence without remanding case).