TYMKOVICH, Circuit Judge,
concurring.
I concur in the opinion, but write separately to express my views about the district court’s jurisdiction to enforce an alternative sentence.
This is an odd case. The district court imposed two sentences: a guidelines sentence of 46 months, and an alternative sentence of six days to be applied only if the Supreme Court found the Sentencing Guidelines unconstitutional in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which was pending at the time of sentencing. The Supreme Court did so, in part, ruling that the mandatory application of the guidelines violated the Sixth Amendment. Although Cage had begun to serve her 46-month sentence, since it violated Booker, the district court vacated the sentence and ordered enforcement of the six-day alternative sentence. Unfortunately, the alternative sentence, like the original sentence, was also unlawful: it failed to account for the reasonableness factors set forth in 18 U.S.C. § 3553(a).
The rub here is that Cage waived her right to appeal her sentence pursuant to a plea bargain. And the government had nothing to appeal either. The original sentence was within the then-applicable mandatory sentencing guidelines range, and the alternative sentence was wholly speculative at the time it was pronounced. Ordinarily, either the government or Cage should have appealed her sentence within thirty days of the court’s sentencing in September 2004. Neither did.
Now we are faced with a jurisdictional muddle: both the original and the alternative sentence are unlawful under Booker. That leaves us with the questions, when were the sentences final and when could they be appealed?
This conundrum arises from the use of alternative sentences. We first sanctioned them in the era surrounding Mistretta when the constitutionality of the sentencing guidelines were in doubt. Courts would announce two sentences, the alternative to be enforced if the sentencing guidelines were determined to be constitu *597 tional. See United States v. Smith, 888 F.2d 720, 722 n. 2 (10th Cir.1989); United States v. Garcia, 893 F.2d 250, 252 n. 4 (10th Cir.1989); United States v. Stokes, 986 F.2d 1431 1431, 1993 WL 53093 at *4 (10th Cir. Feb.23, 1993) (unpublished); United States v. Scott, 16 F.3d 418, 1994 WL 35027 at *2 (10th Cir.Feb.7, 1994) (unpublished).
After a period of stability since Mistret-ta, recent years have taught us that uncertainty may instead be the new norm in federal sentencing law. Thus, prior to the Supreme Court’s decision in Booker, many sentencing courts again announced alternative sentences. On appeal we relied on the alternative sentences in our plain or harmless error analysis. United States v. Gonzalez-HueHa, 403 F.3d 727 (10th Cir.2005) (en banc).
In times of uncertainty, alternative sentencing appears tempting: if district courts are able to predict future legal developments, the interests of judicial efficiency are arguably served by announcing alternative sentences and avoiding the burdens of resentencing. Yet, we should not encourage alternative sentencing for a variety of reasons. First, the practice fundamentally conflicts with the rule that a court may enter only one final judgment. Second, alternative sentences undermine finality, by allowing the sentencing court to peer into the future and retain power over a defendant’s fate based on developments at the Supreme Court, the sentencing commission, or perhaps even the Congress. Third, given the unsettled nature of sentencing law in our era, alternative sentences frustrate certainty for both the government and the defendant: who is to appeal what, and when are they to appeal it? Finally, alternative sentences can create jurisdictional difficulties, as in this case, because of the necessary legal fiction that they are “imposed” at the time of judgment even though they may never take effect unless the condition precedent is triggered.
Other courts have recognized these problems and concluded that alternative sentences are not worth the trouble, and are generally unenforceable. For example, in a recent case, United States v. Booker, 436 F.3d 238 (D.C.Cir.2006), the D.C. Circuit rightly held that “an ‘alternative sentence’ is not really a ‘sentence’.... Once the court pronounces a criminal sentence — which constitutes a ‘judgment’— the court has no lawful authority to supplement that sentence with a second one.” Id. at 245. The court went on to hold that a sentencing court, after a sentence has been announced, has no authority to pronounce a different alternative sentence. I think this reasoning is correct.
Our precedents, however, sanction the use of alternative sentences. We have used alternative sentences to guide the analysis in plain or harmless error as an indication of whether the court might impose a different sentence on remand. While these cases are not directly on point, our Mistretta era cases allowed district courts to enforce alternative sentence long after the time to appeal had run. See United States v. Scott, 16 F.3d 418 1994 WL 35027at *2 (10th Cir. Feb.7, 1994) (unpublished). Accordingly, our cases seem to allow district courts to enforce alternative sentences, and the government has not argued that courts lack the authority to do so. Given the Supreme Court’s holding in Booker, however, Cage’s sentence here has not been subject to the proper application of the § 3553 factors. Remand is thus the correct result. Nevertheless, the circumstances of this case well illustrate why alternative sentences should be eliminated.