**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Elias HANDAL, Defendant–**
**Appellant.**

**No. 02–5195.**

United States Court of Appeals,
Sixth Circuit.

June 17, 2003.

Before KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

## ORDER

Luis Elias Handal appeals a district court order denying his motion to modify his sentence filed under 18 U.S.C. § 3582(c), 18 U.S.C. § 3553(b), and Fed. R.Crim.P. 35 and 36. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Handal and a co-defendant for attempting to escape from the Federal Correctional Institution in Memphis. The district court sentenced Handal to thirty-seven months of imprisonment, to be served consecutive to his prior sentence. A panel of this court affirmed Handal's conviction and sentence. *United States v. Yildirim,* Nos. 94–6456, etc., 1995 WL 758434 (6th Cir. Dec.21, 1995).

On September 20, 2001, Handal filed his motion for a reduction of his sentence, arguing that: 1) he should have received a reduction for acceptance of responsibility; and 2) the district court should have sua sponte departed downward so that Handal's sentence would conform with his co-defendant's sentence. Upon review, the district court concluded that the statutes cited by Handal did not provide authority for the reduction in sentence that he sought. Hence, the district court denied the motion.

Handal has filed a timely appeal, arguing that the district court did have jurisdiction to consider his motion and he reasserts the issues submitted below.

Upon review, we conclude that the district court properly denied Handal's motion for a reduction of sentence. Whether the district court had the authority to modify Handal's sentence is a question of law subject to de novo review. *See United States v. Ross,* 245 F.3d 577, 585 (6th Cir.2001). Pursuant to § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35, in turn, permits a district court to correct or reduce a sentence only if it has been determined on appeal that a sentence has been imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines (Rule 35(a)), or where the government requests a reduction in sentence (Rule 35(b)). *See United States v. Martin,* 913 F.2d 1172, 1177 (6th Cir.1990). Thus, Rule 35—and, hence, § 3582(c)(1)(B)—does not provide authority for a defendant to file a motion seeking a change in or correction of his sentence. *See United States v. Early,* 27 F.3d 140, 141 (5th Cir.1994). Furthermore, Rule 36 only permits correction of clerical errors, and Handal has not alleged any such errors in this case.

The district court did not abuse its discretion in denying Handal's motion to reduce sentence under § 3582(c)(2). *See United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997); *United States v. Townsend,* 55 F.3d 168, 170 (5th Cir.1995). A district court is given the discretion to decide a motion to reduce sentence filed under § 3582(c)(2) based on a sentencing range that has been subsequently lowered by the U.S. Sentencing Commission. Handal does not claim that the Sentencing Commission has amended the guidelines so

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

as to lower his applicable sentencing range. Instead, he argues that a Supreme Court decision in *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), "may have" changed the rule that a disparity among co-defendants is not a basis for a departure from the appropriate sentencing guidelines range. This is insufficient to grant authority to the district court to reopen Handal's sentencing.

Finally, the district court properly concluded that nothing in 18 U.S.C. § 3553(b) or USSG §§ 3E1.1 or 5K2.0 authorizes a court to modify a sentence after entry of the judgment.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.