

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# Jones v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3032

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jones v. USA" (2005). *2005 Decisions.* Paper 1182.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1182

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3032

———————

CLIFFORD JONES,

               Appellant

v.

UNITED STATES OF AMERICA

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-01720
District Judge:  The Honorable Joseph A. Greenaway, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2004

———————

Before: ALITO, BARRY, and FUENTES, Circuit Judges

———————

(Opinion Filed: May 17, 2005)

———————

OPINION

———————

BARRY, Circuit Judge

Clifford Jones challenges the May 15, 2003 order of the District Court which

rejected his claim that counsel was ineffective and denied his motion under 28 U.S.C. §

2255. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 2255, and we have jurisdiction pursuant to 28 U.S.C. §§ 2255 and 2253. We will affirm.

## I.

On August 28, 1998, Clifford Jones pled guilty to conspiracy with intent to distribute more than 100 grams of heroin. The plea agreement, signed by Jones, stated, among other provisions, that "the sentencing judge may impose the maximum term of imprisonment," and that the statutory maximum was forty years.

At the outset of the Rule 11 hearing, the District Court asked Jones, who was under oath, whether he had discussed the case with his attorney, and whether he was satisfied with his representation. Jones responded affirmatively to both questions. The prosecutor then informed the Court that if Jones pled guilty, he would face a sentence of up to forty years imprisonment. The Court asked Jones if this comported with his understanding of the terms of the plea agreement. Jones responded that it did.

The Court then asked Jones' counsel what he told Jones would be "the worst case scenario." Counsel responded by noting that there was some disagreement on this point, due to a dispute about Jones' criminal history category. He stated, "the reason for that is, there's still some issues to be resolved as to prior convictions, their use, and their certifications." A46. Although Jones' counsel anticipated that the worst sentence Jones would receive was between 84 to 105 months imprisonment, he "very, very carefully and in detail" discussed the statutory maximum with Jones. *Id.* at 47.

The Court then explained to Jones:

"I want you to understand something: This worst case scenario . . . is based on [your counsel's] present understanding of the facts . . . It is possible that the presentence investigation will uncover additional facts which could have the effect of aggravating, worsening, the offense. . . .
The important thing for you to understand today is that, if the guideline range ends up coming in higher than the worst case scenario, which you've been informed, you would not have the right to withdraw the plea.
Do you understand that?

**Jones:** Yes, sir.

A47-48.

The Court then advised Jones that it "would be empowered to sentence you to a maximum term of imprisonment of 40 years . . . [and] that your criminal history is an important factor in [sentencing.]" A51. In addition, the Court again asked, "Do you understand that, until a presentence report is prepared, it is impossible for either the Court or for your attorney to know precisely what sentence range will be prescribed by the guidelines." A53. Jones responded that he understood. When asked a third time if he understood the possibility of receiving a greater sentence than his attorney anticipated, Jones said that he did. Jones was again told that he would "not be able to withdraw [his] plea on the ground that [his counsel's] prediction as to the guideline range proved to be inaccurate." A53-54. The Court accepted the plea after finding that Jones understood the questions he had been asked and answered responsively, and that the plea was entered intelligently, knowingly, and voluntarily.

Thereafter, the Probation Department, in the Presentence Investigation Report

3

("PIR"), determined that Jones was a "career offender" under U.S.S.G. § 4B1.1. As a career offender, Jones was subject to a sentencing range of 188 to 235 months imprisonment, which was, of course, a longer sentence than had been anticipated by counsel.

On October 12, 1999, the District Court rejected Jones' motion for a downward departure and sentenced him to 188 months incarceration. Jones appealed, challenging on appeal only the denial of his motion for a downward departure. We dismissed the appeal for lack of jurisdiction, and the Supreme Court denied *certiorari* on or about April 16, 2001.

On April 15, 2002, Jones filed a § 2255 motion alleging ineffective assistance of counsel at the entry of his guilty plea, at sentencing, and on direct appeal. Jones essentially argued that if he had known that he "would be sentenced to such a long time in prison," he "would never have given up [his] trial rights." A134. In its opinion and order dated May 15, 2003, the District Court denied Jones' § 2255 motion. Jones sought, and we granted, a certificate of appealability.

## II.

Jones argues that, in violation of his Sixth Amendment right to effective assistance of counsel, counsel should have advised him, prior to the entry of his guilty plea, of the potential for sentencing as a career offender. He challenges, as well, counsel's "misrepresentation" of the potential sentence itself. (App. Br. at 2). To prevail on his

4

Sixth Amendment claim, Jones must satisfy the two-prong test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). That is, Jones must demonstrate that his counsel's performance was deficient and that this deficient performance prejudiced him. *See, e.g., Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). He has not done so.

We have detailed at some length the questions asked and answers given at the Rule 11 colloquy which leaves no doubt that Jones knew that he faced as much as forty years' imprisonment, that his counsel anticipated a sentence substantially shorter than that but had discussed a potential forty year sentence with him, and that the appropriate sentencing range would not be known until the PIR was prepared. We see no need to reprise that discussion here. Suffice it to say, there is no act of nor omission by counsel that would warrant a finding of ineffective assistance. *See United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) (an attorney's "mere inaccurate prediction of a sentence" does not demonstrate the deficiency component of an ineffective assistance of counsel claim); *Thomas v. United States*, 27 F.3d 321 (8th Cir. 1994) (no pre-plea warning of potential career offender status but defendant advised of statutory maximum; no denial of effective assistance of counsel); *cf, United States v. Lambey*, 974 F.2d 1389, 1394-95 (4th Cir. 1992) (attorney error in estimating sentence does not constitute prejudice if the plea colloquy corrects or clarifies the earlier erroneous information). Jones' § 2255 motion was properly denied.

**III.**

We will affirm the order of May 15, 2003.